FILED'08 DEC 03 15:17 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY E. CONMY,

        Plaintiff

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 07-1511-CL

OPINION AND ORDER

DAVID B. LOWRY
9900 S.W. Greenburg Road, Suite 235
Portland, OR 97223

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

LEISA A. WOLF
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

Clarke, Magistrate Judge:

Plaintiff Gary Conmy ("Conmy") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g). All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings consistent with this Opinion and Order.

## PROCEDURAL BACKGROUND

Born in 1954, Conmy completed high school. Tr. 75, 83.[1] Between 1972 and 2002 Conmy worked as a carpenter and farm labor contractor. Tr. 79.

Conmy alleges disability since December 22, 2002 (tr. 75), due to a knee condition, arthritis, "bulging discs" in his spine, neck and back pain, "probable fibromyalgia," an elbow disorder, and post-traumatic stress disorder ("PTSD"). Tr. 87. The Commissioner denied Conmy's application initially and upon reconsideration. Tr. 33-43. An Administrative Law Judge ("ALJ") held a hearing on November 13, 2006. Tr. 1289-1322. On November 22, 2006, the ALJ issued a decision finding Conmy not disabled. Tr. 17-30. The Appeals Council accepted additional evidence into the record, but denied Conmy's request for reconsideration. Tr. 6-9. The ALJ's decision thus became final on August 14, 2007. Tr. 6.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #11).

2 - OPINION AND ORDER

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(I). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). This evaluation includes assessment of the claimant's statements regarding his impairments. 20 C.F.R. § 404.1545(a)(3). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

3 - OPINION AND ORDER

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such work, he is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

Conmy contends that the ALJ failed to develop the record, erroneously evaluated his RFC, and consequently made an erroneous finding that Conmy could perform work in the national economy at step five.

## THE ALJ'S FINDINGS

The ALJ found Conmy's fibromyalgia, "status-post mild cerebrovascular accident (i.e., small stroke)," dysthymic disorder, anxiety disorder, somatoform disorder, cannabis abuse, and personality disorder "severe" at step two in the sequential proceedings. Tr. 19. At step three, the ALJ found that these impairments did not medically meet or equal a listed impairment. Tr. 26. The ALJ found that Conmy retains the RFC to perform a full range of light work, with an additional limitation to "simple, routine type work." *Id.* The ALJ found that Conmy could no longer perform his past relevant work at step four, but found that he could perform work in the national economy at step five. Tr. 28-29. The ALJ therefore found Conmy not disabled. Tr. 30.

4 - OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id., see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Conmy contends that the ALJ failed to consider Veteran's Administration ("VA") administrative findings, inappropriately evaluated his RFC, and made an erroneous finding that he was not disabled at step five.

### I.  Veteran's Administration Disability Determination

Conmy asserts that the ALJ failed to adequately assess the VA disability findings. Pl.'s Opening Br. 9-10. The ALJ stated, "the claimant has reported other medical history of being on 40% service connected disability for his right leg injury, but it was later reduced to 30%" by the VA. Tr. 21. The ALJ made no other reference to the VA decision, and did not specify the weight he accorded to the VA disability determination.

While the ALJ is not bound by VA disability determinations, the ALJ must carefully consider

5 - OPINION AND ORDER

VA disability findings in making his own decision. 20 C.F.R. § 404.1504; *McCartey v. Massinari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Here the ALJ offered no analysis for implicitly finding that the VA decision was not entitled to significant weight. This omission cannot be sustained.

## II.     RFC Assessment and SSR 96-8p

Conmy contends that the ALJ failed to make an appropriate RFC assessment. Conmy bases this submission upon the Social Security Commissioner's Administrative Ruling 96-8p ("SSR 96-8p"). The ALJ evaluates the claimant's RFC between steps three and four of the sequential proceedings. 20 C.F.R. § 404.1545. The ALJ primarily considers the claimant's medical record and the claimant's testimony. 20 C.F.R. § 404.1545(a)(3). However, the ALJ also considers "all relevant evidence in [the claimant's] case record." 20 C.F.R. § 1545(a)(1).

### A.     "Regular and Continuing Basis"

Conmy first contends that the ALJ failed to consider his ability to work eight hours per day, five days per week, on a regular and continuing basis. Pl.'s Opening Br. 10. SSR 96-8p states that "ordinarily" the ALJ considers a claimant's ability to work eight hours per day, five days per week. SSR 96-8p at *1. Conmy fails to point to any evidence suggesting that the ALJ's RFC finding does not include the ability to work on a regular and continuing basis under SSR 96-8p. This argument is therefore without merit.

Conmy further asserts that the vocational expert testified that an individual absent from work "4 to 8" hours per week would be unable to sustain competitive employment. Pl.'s Opening Br. 12. This assertion is based upon limitations Conmy described in his own testimony. The ALJ found Conmy not credible, and Conmy does not challenge this finding. The ALJ need not accept vocational limitations based upon testimony of a claimant found not credible. *Osenbrock v. Apfel*,

6 - OPINION AND ORDER

240 F.3d 1157, 1164-65 (9th Cir. 2001). The ALJ therefore reasonably rejected workplace limitations based upon Conmy's testimony.

**B.  "Simple" Work Restriction**

Conmy presently asserts that the ALJ's RFC allowing "simple, routine type work" (tr. 26) does not account for the "moderate" limitation in concentration, persistence, and pace assessed by Disability Determination Services's ("DDS")[2] reviewing physicians. Pl.'s Opening Br. 12. Defendant asserts that a moderate limitation in concentration, persistence, and pace, is not a functional limitation, and thus should not be included in an RFC assessment. Def.'s Br. 7.

DDS reviewing physician Dr. Henry completed a psychiatric review technique form ("PRTF") and assessed a "moderate" restriction in Conmy's concentration, persistence, and pace. Tr. 593. Dr. Henry subsequently found that this resulted in "moderate difficulties" in Conmy's ability to carry out detailed instructions and "maintain concentration and attention for extended periods." Tr. 599. Dr. Henry finally found that, as a result of these assessments, Conmy "retains the ability to remember and carry out simple, routine or complex tasks, but would not be able to maintain the [concentration, persistence, and pace] necessary to perform complex tasks on a consistent basis." Tr. 601.

Dr. Henry thus clarified the work-related restrictions associated with his "moderate" restrictions. The ALJ's "simple, routine type work" RFC restriction is consistent with Dr. Henry's opinion and is therefore affirmed.

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 404.1503.

7 - OPINION AND ORDER

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Here, the ALJ did not properly assess the VA disability determination. This court therefore cannot determine if the VA finding establishes a more restrictive RFC assessment, which would in turn preclude work in the national economy at step five.

The matter must be remanded for further proceedings for proper analysis of the VA rating determination. If necessary, and if possible, the ALJ will obtain VA documentation of its rating decision. The ALJ must then (1) properly assess the VA disability determination, (2) revise his RFC analysis, if necessary, and (3) apply the correct medical-vocational guideline or obtain additional vocational expert testimony regarding Conmy's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating the indicated evidence as appropriate.

## CONCLUSION

The Commissioner's decision that Conmy did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is not based upon correct legal standards or supported by substantial evidence. The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

//

//

8 - OPINION AND ORDER

DATED this 3 day of December, 2008.

_____

Mark D. Clarke

United States Magistrate Judge

9 - OPINION AND ORDER